1   Mark E. Ellis - 127159
    Andrew M. Steinheimer - 200524
2   Amanda N. Griffith - 288164
    ELLIS LAW GROUP LLP
3   740 University Avenue, Suite 100
    Sacramento, CA  95825
4   Tel: (916) 283-8820
    Fax: (916) 283-8821
5   mellis@ellislawgrp.com
    agriffith@ellislawgrp.com
6
    Attorneys for Defendants REAL TIME RESOLUTIONS, INC., AND CREDIT CONTROL, LLC
7

8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                              SAN FRANCISCO DIVISION

11

12

13   MELINDA RUDIO,                      Case No.:  16-cv-03003-JD

14          Plaintiff,                   DEFENDANT CREDIT CONTROL, LLC'S
                                         NOTICE OF MOTION AND MOTION TO
15   v.                                  DISMISS PLAINTIFF'S FIRST AMENDED
                                         COMPLAINT
16   REAL TIME RESOLUTIONS, INC., a Texas
     Corporation; CREDIT CONTROL, LLC, a   DATE:  September 7, 2016
17   Missouri Limited Liability Company; and ROES   TIME:   10:00 a.m.
     1 through 20, inclusive,            DEPT:  Ctrm 11, 19th Floor
18
            Defendants.
19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**PAGE**

NOTICE OF MOTION......................................................................................................1

REQUEST FOR RELIEF ...............................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................1

I.       INTRODUCTION .................................................................................................1

II.      ALLEGATIONS IN THE FIRST AMENDED COMPLAINT.........................2

         A.       Legal Allegations ......................................................................................2

         B.       Factual Allegations ..................................................................................3

III.     LEGAL STANDARD FOR A MOTION TO DISMISS.....................................4

IV.      LEGAL ANALYSIS.............................................................................................5

         A.       Plaintiff's First And Second Causes Of Action For Violation Of The
                  FDCPA And Rosenthal FDCPA Are Time-Barred. .........................5

         B.       Plaintiff Has Failed To Sufficiently Plead Her Third Cause Of Action For
                  Breach Of Contract As Required Under California Law.....................7

         C.       Plaintiff Has Failed To Allege That She Suffered Compensable Damages
                  To Support Her Third Cause Of Action For Breach Of Contract ..................9

         D.       Plaintiff Cannot State A Claim For Breach Of The Covenant Of Good Faith
                  And Fair Dealing For Alleged Actions That Are Outside The Scope Of
                  The Contract.................................................................................................11

         E.       Plaintiff's Has Failed To Sufficiently State Her Fifth Cause Of Action
                  Against Credit Control For Negligent Infliction Of Emotional Distress
                  As A Matter Of Law. ...............................................................................12

V.       CONCLUSION....................................................................................................15

1

**TABLE OF AUTHORITIES**

2

                                                                                          **PAGE**

3

**Cases**

4
*Ahmadi v. Untied Continental Holdings, Inc.*, 2014 WL 1281056 (E.D.Cal. 2014) ............................ 12

5
*Altman v. PNC Mortgage*, 850 F.Supp.2d 1057 (E.D.Cal. 2012.) ............................................... 7, 8, 9

6
*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503 (1994) ....................................... 10

7
*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..................................................................................... 4, 5, 10

*Barron v. Reich*, 13 F.3d 1370 (9th Cir. 1994) .............................................................................. 4

8
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................................... 4

9
*Chaconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180 (S.D.Cal. 2010) ........................... 12, 13, 14

10
*Clegg v. Cult Awareness Network*, 18 F.3d 752 (9th Cir. 1994) ...................................................... 4

11
*Cohen v. Facebook*, 798 F.Supp.2d 1090 (N.D. Cal. 2011) ............................................................ 5

12
*Conklin v. Jeffery A. Maidenbaum, Esq.*, 2013 WL 4083279 (S.D.NY 2013) ...................................... 6

*Erlich v. Menezes*, 21 Cal.4th 543 (1999) ..................................................................................... 10

13
*Henderson v. N.A.R., Inc.*, 2011 WL 2312170 (D.Utah 2011) ........................................................ 6

14
*Inzerillo v. Green Tree Servicing, LLC*, 2014 WL 1347175 (N.D.Cal. 2014) ............................... 12, 14

15
*Miller v. Bank of America*, 858 F.Supp.2d 1118 (S.D.Cal. 2012) .................................................. 6, 7

16
*Narog v. Certegy Check Services, Inc.*, 759 F.Supp.2d 1189 (N.D.Cal. 2011) ................................... 6

*Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001) ............................................................................ 4

17
*North County Communications Corp. v. Verizon Global Networks, Inc.*,

18
        685 F.Supp.2d 1112 (S.D.Cal. 2010) .............................................................................. 7, 9

19
*Plastino v. Wells Fargo Bank*, 873 F.Supp.2d 1179 (N.D.Cal.  2012) .......................................... 11, 12

20
*Posso v. Asta Funding Inc.*, 2007 WL 3374400 (N.D.Ill. 2007) ...................................................... 6

*Rosenfeld v. J.P. Morgan Chase Bank, N.A.*, 732 F.Supp.2d 952 (N.D.Cal. 2010) ............................ 11

21
*Sullivan v. J.P. Morgan Chase*, 725 F.Supp.2d 1087 (E.D.Cal.  2010) .............................................. 9

22
*Varnado v. Midland Funding, LLC*, 43 F.Supp.3d 935 (N.D.Cal. 2014) .................................. 12, 13, 14

23
*Winter v. I.C. System, Inc.*, 543 F.Supp.2d 1210 (S.D.Cal. 2008) ................................................. 6, 7

24
**Statutes**

15 U.S.C. § 1692k(d) ................................................................................................................. 5

25
Civil Code § 1788.17 ................................................................................................................. 5

26
Civil Code § 1788.30(f) .............................................................................................................. 5

27
Civil Code. § 3333 ..................................................................................................................... 9

28

**NOTICE OF MOTION**

TO THE PLAINTIFF AND HER COUNSEL OF RECORD:

NOTICE IS HEREBY GIVEN that on September 7, 2016, at 10:00 a.m., in Courtroom 11, 19th Floor, in the above entitled Court located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Credit Control, LLC ("Defendant") will, and hereby does, move this Court for an order dismissing each and every claim or cause of action pled in Plaintiff Melinda Rudio's First Amended Complaint pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

This motion is made on the grounds that Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted as to Defendant for the alleged statutory violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), as well as the pled common law causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing and, negligent infliction of emotional distress.

**REQUEST FOR RELIEF**

Credit Control, LLC hereby requests that this Court dismiss Plaintiff Melinda Rudio's First Amended Complaint against it, and each and every claim therein, with prejudice, as the First Amended Complaint fails to state a viable claim against Defendant Credit Control, LLC.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.      INTRODUCTION

Defendant Credit Control, LLC (hereinafter "Credit Control") brings this instant Motion to Dismiss, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), Plaintiff Melinda Rudio's First Amended Complaint ("FAC"). Plaintiff's FAC, and each and every claim alleged therein, fails to state a viable claim against Credit Control for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal FDCPA"), as well as California state law claims for breach of contract, breach of the implied covenant of good faith and fair dealing and, negligent infliction of emotional distress.

For the reasons set forth below, Credit Control submits that Plaintiff's FAC, and each cause of action alleged therein, should be dismissed with prejudice.

- 1 -

## II.    ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

**A.    <u>Legal Allegations</u>**

Plaintiff's FAC alleges five separate causes of action against Credit Control for (1) violation of the FDCPA; (2) violation of the Rosenthal FDCPA; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing and, (5) negligent infliction of emotional distress.

Plaintiff has attempted to style this action against Credit Control as one for alleged abusive or unfair debt collection practices; but, Plaintiff's allegations against Credit Control do not really lie in the debt collection realm. The intervening act of settlement ceased the FDCPA and Rosenthal FDCPA's governance of Credit Control's actions as discussed more fully below. Nonetheless, Plaintiff has alleged the following, specific, violations of the FDCPA and Rosenthal FDCPA against Credit Control:

- Using false, deceptive, or misleading representations <u>in connection with an attempt to collect a debt</u> in violation of 15 U.S.C. § 1692e (FAC ¶ 40a);

- Falsely representing the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2) (FAC ¶ 40b);

- Making a false representation or implication that the sale, referral, or other transfer of any interest in the debt caused Plaintiff to lose a claim (or defense) or become subject to a prohibit collection practice in violation of 15 U.S.C. § 1692e(2) (FAC ¶ 40c);

- Communicating to a third party credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) (FAC ¶ 40d);

- Using false and/or deceptive means <u>to collect or attempt to collect</u> a debt in violation of 15 U.S.C. 1692e(10) (FAC ¶ 40e);

- Using unfair or unconscionable means <u>to collect or attempt to collect</u> a debt in violation of 15 U.S.C. § 1692f (FAC ¶ 40f);

- Attempting <u>to collect</u> an amount not specifically authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. § 1692f(1) (FAC ¶ 40g);

- Failing to "accurately identify the creditor whom the debt is owed", in violation of 15 U.S.C. § 1692g(2)[1] (FAC ¶ 40h); and,

- Failing to comply with Sections 1692b through 1692j for the FDCPA in violation of California Civil Code § 1788.17 (FAC ¶¶49a-h).

---

[1] The FDCPA does <u>not</u> contain a specific provision enumerated as 15 U.S.C. § 1692g(2).

**B.**     <u>Factual Allegations</u>

Plaintiff alleges that she took out a loan in December 2006 from RMR Financial dba Princeton Capital ("Princeton Loan"). (FAC ¶ 12.) In early 2015, Plaintiff had fallen behind on her payments on the Princeton Loan and the Princeton Loan was in default. (*Id.* at ¶ 14.)  Credit Control was assigned the defaulted Princeton Loan for collections. (*Id.* at ¶ 15.)

In April 2015, Plaintiff hired an attorney to negotiate a settlement of the defaulted Princeton Loan. (FAC ¶ 16.) On April 28, 2015, Credit Control sent Plaintiff a proposed settlement agreement which confirmed that if Plaintiff paid a lump-sum of $3,781.20 by April 30, 2015 that the debt would be settled in full. (*Id.* at ¶ 17.) "Plaintiff promptly and timely paid the lump-sum settlement." (*Id.* at ¶ 18.)

On April 29, 2015, Credit Control sent Plaintiff a letter confirming receipt of Plaintiff's payment.  (FAC ¶ 19.) That same letter also confirmed that the lien on Plaintiff's property would be released and that legal activity would cease. (*Ibid.*) Plaintiff does <u>not</u> allege that the settlement proposal entered into by the parties contained an express term outlining the timeline for the release of the lien or that Credit Control would ensure that no other agency would engage in non-legal collection activity.

The lien on Plaintiff's home was not immediately released. (FAC ¶ 20.) Plaintiff's attorney made several attempts to communicate with Credit Control regarding the release of the lien. (*Id.* at ¶¶ 21-22.) On December 15, 2015, the lien securing Plaintiff's property for the Princeton Loan was released, and a full reconveyence was filed by RMR Financial, LLC. (*Id.* at ¶ 24.) RMR Financial, LLC is not a defendant in this action.  Again, Plaintiff has not alleged that the settlement agreement between Credit Control and Plaintiff contained an express date by which the lien had to be released and what role, if any, RMR Financial, LLC played in the release of the lien.

On March 16, 2016, Real Time Resolutions, Inc. sent Plaintiff a letter regarding the Princeton Loan. (FAC ¶ 26.) This letter stated that the creditor for the Princeton Loan was Auroa Commercial Corp.; Plaintiff alleges she has no knowledge of this creditor. (*Id.* at ¶¶ 28-29.) Plaintiff alleges that Real Time Resolutions, Inc., thereafter, sent Plaintiff monthly statements regarding the Princeton Loan. (*Id.* at ¶¶ 30-32.)

1    Plaintiff further alleges, on information and belief, that Credit Control communicated

2    Plaintiff's account and credit information to Real Time Resolutions, Inc. "or to another entity who

3    then communicated the information to" Real Time Resolutions, Inc. (FAC ¶ 32.) Plaintiff makes <u>no</u>

4    allegation in support of her 15 U.S.C. § 1692e(8) claim that Credit Control (or Real Time Resolutions,

5    Inc.) reported a debt, which it knew or should have known to be false, to any credit reporting agency.

6    Plaintiff alleges that due to Defendant's purported conduct, she suffered anxiety,

7    embarrassment, and frustration. (FAC ¶ 33.) Plaintiff alleges no other damages.

8    ### III.    LEGAL STANDARD FOR A MOTION TO DISMISS

9    A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency

10   of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).  For purposes of Rule 12(b)(6),

11   "claim" means a set of facts that, if established, entitle the pleader to relief.  *Bell Atlantic Corp. v.*

12   *Twombly,* 550 U.S. 544, 555 (2007).

13
14   > To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.
15

16   *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citations omitted).

17   When evaluating a motion to dismiss, the court generally accepts the material factual

18   allegations in the complaint as true, and construes them in the light most favorable to the non-moving

19   party. *Barron v. Reich,* 13 F.3d 1370, 1374 (9th Cir. 1994).  The court is not required, however, to

20   accept a legal conclusion "cast in the form of factual allegations if those conclusions cannot reasonably

21   be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir.

22   1994).  "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a

23   cause of action will not do.'" *Iqbal, supra,* 556 U.S. at 678.

24   The *Iqbal* and *Twombly* decisions contemplate a two-step analysis to determine whether a

25   complaint has been pled sufficiently to survive a motion to dismiss:  first, bare legal conclusions are

26   **<u>not</u>** accepted as true for purposes of the complaint's sufficiency.  *Iqbal, supra,* 556 U.S. at 678-679

27   (citing *Twombly, supra,* 550 U.S. at 555).  Second, the court reviews the factual allegations to

28   determine if they plausibly suggest entitlement to relief. *Iqbal, supra,* 556 U.S. at 678-681 (analyzing

- 4 -

1  *Twombly*).  The Supreme Court in *Iqbal* observed:

2      [T]he pleading standard Rule 8 announces does not require 'detailed

3      factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation.  A pleading that offers

4      'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders

5      'naked assertion[s]' devoid of 'further factual enhancement'.

6  *Id.* at 678 (citations omitted).

7      The dismissal of a claim under Rule 12(b)(6) "may be based either on the lack of a cognizable

8  legal theory or on the absence of sufficient facts alleged under a cognizable legal theory."  *Cohen v.*

9  *Facebook*, 798 F.Supp.2d 1090, 1093 (N.D. Cal. 2011).  Thus, to satisfy the pleading standards

10  articulated in *Iqbal* and *Twombly*, Plaintiff's allegations must sufficiently state a cognizable legal

11  theory and put forward actual supporting facts for each alleged violation in her First Amended

12  Complaint. *Iqbal, supra*, 556 U.S. at 678.  Plaintiff, here, has not met and cannot meet this standard for

13  the reasons discussed *infra*.

14  ## IV.   LEGAL ANALYSIS

15  **A.**   **Plaintiff's First And Second Causes Of Action For Violation Of The FDCPA And**

16  **Rosenthal FDCPA Are Time-Barred.**

17      In her first and second causes of action for alleged violations the FDCPA and Rosenthal

18  FDCPA, Plaintiff claims that Credit Control violated eight provisions thereof: (1) 15 U.S.C. § 1692e;

19  (2) 15 U.S.C. § 1692e(2); (3) 15 U.S.C. § 1692e(6); (4) 15 U.S.C. § 1692e(8); (5) 15 U.S.C. §

20  1692e(10); (6) 15 U.S.C. § 1692f; (7) 15 U.S.C. § 1692f(1); and, (8) 15 U.S.C. § 1692g(2). (FAC

21  ¶40a-h.) Plaintiff's second cause of action for violation of the Rosenthal FDCPA is solely predicated

22  on California Civil Code § 1788.17, which makes a violation of the FDCPA, a violation of the

23  Rosenthal FDCPA.

24      An action based on an alleged violation of the FDCPA must be commenced "within one year

25  from the date which the violation occurs" and is limited to alleged activities "in connection with the

26  collection of a debt".  15 U.S.C. § 1692k(d).  Similarly, the Rosenthal FDCPA contains a similar one

27  year statute of limitations. Cal. Civil Code §§ 1788.17; 1788.30(f).

28

1    To bring an FDCPA claim against a debt collector, the debt collector's conduct must have

2    occurred during an attempt to collect a presently owing debt. *Miller v. Bank of America*, 858 F.Supp.2d

3    1118, 1122 (S.D.Cal. 2012). "When a debt is extinguished there is no debt, and there can be no debt

4    collection. Consequently, any action by a former debt-collector, however improper, could <u>not</u> be

5    deemed to be 'in connection' to a present debt collection proceeding." *Winter v. I.C. System, Inc.*, 543

6    F.Supp.2d 1210, 1213 (S.D.Cal. 2008) *citing Posso v. Asta Funding Inc.*, 2007 WL 3374400 at * 3

7    (N.D.Ill. 2007) (emphasis added).

8    Courts have consistently concluded that the phrase "in connection with the collection of a debt"

9    does <u>not</u> include a debt collector's conduct which occurred after the debt was paid in full and after the

10   debt collector acknowledged that the debt was paid in full. *See Miller, supra*, 858 F.Supp.2d at 1122-

11   11223; *Narog v. Certegy Check Services, Inc.*, 759 F.Supp.2d 1189, 1193 (N.D.Cal. 2011); *Winter*,

12   *supra*, 543 F.Supp.2d at 1213-1214]; *Conklin v. Jeffery A. Maidenbaum, Esq.*, 2013 WL 4083279 at 6

13   (S.D.NY 2013); *Henderson v. N.A.R., Inc.*, 2011 WL 2312170 at *1 (D.Utah 2011); *Posso, supra*,

14   2007 WL 3374400 at *3 [debt collection proceedings concluded when the debtor paid a portion of the

15   debt as a settlement in full].

16   When a debt has allegedly been paid in full, as is the case here, the one year statute of

17   limitations begins to accrue on the date the debt was paid. *Miller, supra*, 858 F.Supp.2d at 1123

18   [statute of limitations began to accrue the day plaintiff sold his lot at a short sale and satisfied the

19   obligation]; *Winter, supra*, 543 F.Supp.2d at 1213-1214 [one year statute of limitations for FDCPA <u>and</u>

20   Rosenthal FDCPA began to run on date the plaintiff satisfied his debt].   This is so because, as

21   discussed above, the FDCPA (and Rosenthal FDCPA) cease to regulate a debt collector's activities

22   once the debt has been satisfied. *Conklin, supra*, 2013 WL 4083279 at 6 ["In this case, therefore, both

23   debts were terminated, and Plaintiffs' cause of action accrued no later than August 2010. From that

24   point forward, Defendants were no longer engaged in debt collection activities that can be regulated by

25   the FDCPA because the Plaintiff paid their debt through settlements for both Lot 1 and Lot 2."].

26   Here, Plaintiff alleges that the debt was satisfied at the earliest on April 28, 2015 (FAC ¶¶ 17,

27   18) or at the latest, one day later on April 29, 2015. (FAC ¶ 19.) Plaintiff further alleges that Credit

28   Control acknowledged her satisfaction of the debt in writing. (FAC ¶ 19.) Accordingly, the one-year

1  statute of limitations on Plaintiff's FDCPA and Rosenthal FDCPA claims began to accrue, at the latest,

2  on April 29, 2015. *Miller, supra*, 858 F.Supp.2d at 1123; *Winter, supra*, 543 F.Supp.2d at 1213-1214.

3      Plaintiff did not file this action within the following year.  Plaintiff filed her original Complaint

4  in the Superior Court of California, San Mateo County on May 5, 2016. (*See* Dckt. No. 1: Notice of

5  Removal with Complaint attached as Exhibit A.) Unfortunately for Plaintiff, her May 5, 2016 filing

6  was 6 days too late. The statute of limitations on her claims for alleged violations of the FDCPA and

7  Rosenthal FDCPA ran on April 29, 2016. Accordingly, Plaintiff's first and second causes of action for

8  violation of the FDCPA or Rosenthal FDCPA are time barred.

9  **B.     Plaintiff Has Failed To Sufficiently Plead Her Third Cause Of Action For Breach Of**
**Contract As Required Under California Law.**

10

11      Plaintiff's third cause of action for breach of contract alleges that Credit Control breached the

12  purported contract between it and Plaintiff when it (1) failed to timely release the lien, and, (2)

13  transferred the obligation to Real Time Resolutions, Inc. for further collection. (FAC ¶¶ 60-61.) But,

14  Plaintiff has failed to plead that the settlement agreement entered into between the parties <u>actually</u>

15  contained these terms.

16      The standard elements for a breach of contract claim, under California law, are: (1) the

17  existence of a valid contract; (2) plaintiff's performance or excuse for non-performance; (3)

18  defendant's breach; and, (4) damages arising therefrom. *Altman v. PNC Mortgage*, 850 F.Supp.2d

19  1057, 1078 (E.D.Cal. 2012.)

20      To sufficiently state a breach of contract claim under California law, a plaintiff <u>must</u> plead that

21  the contract by its terms either set out verbatim in the complaint or a copy of the contract <u>must</u> be

22  attached to the complaint and incorporated by reference, or plaintiff <u>must</u> plead the contract's legal

23  effect. *Altman, supra*, 850 F.Supp.2d at 1078 ["where a written instrument is the foundation of a cause

24  of action, it may be pleaded in *haec verba* by attaching a copy as an exhibit and incorporating it by

25  reference."]; *North County Communications Corp. v. Verizon Global Networks, Inc.*, 685 F.Supp.2d

26  1112, 1122 (S.D.Cal. 2010).  "In order to plead a contract by its legal effect, [plaintiff] <u>must</u> allege the

27  substance of the relevant terms." *North County Comm., supra*, 685 F.Supp.2d at 1122 (bracketed

28  language and emphasis added).

- 7 -

1    "Where a party relies in his complaint upon a contract in writing, and it affirmatively appears

2    that all the terms of the contract are not set forth in *haec verba*, nor stated in their legal effect, but that

3    a portion which may be material has been omitted, the complaint is insufficient." *Altman, supra*, 850

4    F.Supp.2d at 1078.

5        Here, Plaintiff alleges that Credit Control breached their settlement agreement by failing to

6    timely release the lien and transferring an allegedly non-existent debt to Real Time Resolutions, Inc.

7    for collections. (FAC ¶¶ 60-61.) However, Plaintiff does not allege that the purported settlement

8    agreement between the parties contained any terms (or a timeline) for the release of the lien and any

9    express term that the account would not be transferred to another entity.  In fact, the sole allegation

10   remotely related to this so-called "breach" of contract is that "[O]n April 29, 2015, Defendant CREDIT

11   sent Plaintiff a letter confirming its receipt of Plaintiff's payment. The letter confirmed that the account

12   was satisfied, that the lien on the property would be released, and that legal activity would cease."

13   (FAC ¶ 19.)

14       What is notably absent from this sole allegation is whether the contract for which Plaintiff is

15   suing upon discussed the release of the lien.  Plaintiff only alleges that Credit Control stated in a letter

16   that the lien would be released – not the actual settlement agreement itself. Again, Plaintiff fails to

17   allege what date the lien purportedly should have been released by and why the release of the lien in

18   December 2015 by RMR Financial was untimely.

19       Moreover, Plaintiff has failed to allege whether there was an express term in which Credit

20   Control affirmed that it (or a third-party) would affirmatively see-to-it that the account was never

21   transferred to another entity.  Again, Plaintiff's sole allegation is that Credit Control, in a letter, stated

22   that it would not take any further legal action. Taking legal action and transferring a debt are not one-

23   in-the same. Plaintiff does not allege that Credit Control took any further legal action to collect the

24   debt.

25       Here, it is clear, that Plaintiff has wholly failed to plead her breach of contract claim against

26   Credit Control.  Plaintiff has not pled her contract claim in *haec verba* as she has not attached the

27   settlement agreement to her First Amended Complaint and incorporated it therein. Plaintiff has not set

28   forth the alleged breached terms of the contract verbatim.  Plaintiff has also failed to allege the legal

- 8 -

1   effect of the contract as she has not alleged the substance of the relevant terms.  *See, e.g., North County*

2   *Comm., supra*, 685 F.Supp.2d at 1122.

3        This is completely insufficient under California law and under the *Iqbal/Twombly* analysis.  In

4   order to state a breach of contract claim, Plaintiff <u>must,</u> at a minimum, set forth the substance of the

5   relevant terms to state the legal effect which would ostensibly include allegations related to the

6   timeline for releasing the lien and the terms regarding re-assignment of the obligation.  As Plaintiff's

7   breach of contract claim is nothing but mere conclusions that the contract was breached, without

8   explaining and setting-forth the terms of the contract which were purportedly breached, Credit

9   Control's Motion to Dismiss should be granted. *See Altman, supra*, 850 F.Supp.2d at 1079 ["[T]o the

10   extent plaintiffs rely on a written contract, plaintiffs must attach the written contract or pleads its terms

11   verbatim. They have failed to do so.]; *Sullivan v. J.P. Morgan Chase*, 725 F.Supp.2d 1087, 1098

12   (E.D.Cal.  2010)  [motion to dismiss contract claim granted where plaintiff failed to allege that the

13   contract at issue imposed the terms the defendants were alleged to have breached].

14   **C.**    **<u>Plaintiff Has Failed To Allege That She Suffered Compensable Damages To Support Her</u>**

15   **<u>Third Cause Of Action For Breach Of Contract</u>** .

16        As set-forth in the preceding section, in California, to state a claim for breach of contract,

17   Plaintiff must allege (and prove) that she suffered compensable damages. *Altman, supra*, 850

18   F.Supp.2d at 1078. As explained by the California Supreme Court:

19
20       Contract damages are generally limited to those within the contemplation
    of the parties when the contract was entered into or at least reasonably
    foreseeable by them at the time; consequential damages beyond the
21       expectations of the parties are not recoverable. [Citations omitted.] This
    limitation on available damages serves to encourage contractual relations
22       and commercial activity by enabling the parties to estimate in advance the
    financial risks of their enterprise.
23

24       In contrast, tort damages are awarded to compensate the victim for injury
    suffered. (Citation omitted.) 'For breach of an obligation not arising from
25       contract, the measures of damages… is the amount which will compensate
    for all the detriment proximately caused thereby, whether it could have
26       been anticipated or not.' (Civ. Code. § 3333.)

27       Consistent with the distinctions discussed, <u>damages for mental suffering</u>
28       <u>and emotional distress are generally not compensable in contract actions.</u>

- 9 -

1   (Citations Omitted.) <u>Similarly, punitive or exemplary damages, which are</u>
<u>designed to punish and deter statutorily defined types of wrongful</u>
2   <u>conduct, are available only in actions "for breach of an</u>
<u>obligation *not* arising from contract."</u> (Civ.Code, § 3294, subd. (a), italics
3   added.) <u>In the absence of an independent tort, punitive damages may not</u>
<u>be awarded for breach of contract "even where the defendant's conduct in</u>
4   <u>breaching the contract was willful, fraudulent, or malicious."</u> (Citations
omitted.)
5

6   *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 515-516 (1994) (emphasis added);

7   *see also Erlich v. Menezes*, 21 Cal.4th 543, 550-553 (1999) [emotional distress damages are not

8   awardable for a breach of contract claim and are not considered special or consequential damages].

9       Here, Plaintiff has conclusory alleged that Credit Control's purported breach of contract by

10  untimely removing the lien from her property and transferring the debt resulted in "actual damages in

11  amounts to be determined at trial." (FAC ¶ 62.) This allegation is nothing more than a conclusory the-

12  defendant-unlawfully-harmed-me-accusation that is not taken as true under the *Iqbal/Twombly* analysis.

13  *Iqbal, supra*, 556 U.S. at 678-681.

14      Moreover, Plaintiff does not allege that she suffered any compensable injury for Credit

15  Control's alleged actions other than her "anxiety, embarrassment, and frustration." (FAC ¶ 33.) But, as

16  explained on numerous occasions by the California Supreme Court, such damages are not compensable

17  in contract actions. *Erlich, supra*, 21 Cal.4th at 550-553; *Applied Equipment, supra*, 7 Cal.4th at 515-

18  516.

19      In fact, Plaintiff did not suffer any compensable damages under contract law. Plaintiff does not

20  allege that the purported untimely removal of the lien caused her any financial loss. Nor does Plaintiff

21  allege that due to Credit Control's purported transferring of the account to Real Time Resolutions, Inc.

22  that she paid more than the her original settlement. Plaintiff does not allege that she is entitled to any

23  attorneys' fees, based in contract, for having to allegedly "track down" Credit Control to have the lien

24  removed.

25      Thus, as plaintiff has failed to allege any damages (aside from the garden-variety emotional

26  distress), which is an essential element of her breach of contract claim, such claim must fail.  Plaintiff is

27  not permitted to turn a contract cause of action into a tort and seek damages otherwise unallowable.

28

1

2

**D.**     <u>**Plaintiff Cannot State A Claim For Breach Of The Covenant Of Good Faith And Fair Dealing For Alleged Actions That Are Outside The Scope Of The Contract.**</u>

3

4

5

6

7

8

9

10

11

Plaintiff's fourth case of action, as plead against Credit Control, is for breach of the implied covenant of good faith and fair dealing.  Plaintiff alleges that Credit Control breached the implied covenant by "failing to take meaningful steps to ensure that the lien was removed from Plaintiff's home" (FAC ¶ 67) and causing the debt to be transferred to Real Time Resolutions, Inc. for further collections. (FAC ¶ 68.) According to Plaintiff, because the lien was untimely removed and the account transferred, Plaintiff was unable to enjoy the benefits of the settlement agreement.  (FAC ¶ 69.) In this regard, Plaintiff's fourth cause of action for breach of the covenant of good faith and fair dealing mirrors her third cause of action for breach of contract.  Like her third cause of action, her claim for breach of the implied covenant is insufficiently stated and should be dismissed.

12

13

14

15

16

17

18

"The implied covenant operates to protect the <u>express</u> covenants or promises of a contract…[it] <u>cannot</u> impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of [the parties'] agreement." *Plastino v. Wells Fargo Bank*, 873 F.Supp.2d 1179, 1191 (N.D.Cal. 2012) (emphasis added).  "Absent [a] contractual right…the implied covenant has nothing upon which to act as a supplement, and should not be endowed with the existence of independent contractual underpinnings. *Rosenfeld v. J.P. Morgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 968 (N.D.Cal. 2010).

19

20

21

"Importantly, 'to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff <u>must identify the specific contractual provision that was frustrated.</u>" *Plastino, supra*, 873 F.Supp.2d at 1191.

22

23

24

25

26

27

Here, Plaintiff has alleged no <u>specific</u> contractual provision in her FAC which was frustrated by Credit Control's alleged actions. As explained *supra*, Plaintiff has alleged that a letter (<u>not</u> the settlement agreement, itself) stated the lien would be released and the Credit Control would cease legal action. But, Plaintiff has failed to specifically alleged (by attaching the contract, settling out the terms verbatim, etc.) that the agreement to release the lien and to not transfer the account were actual and express terms of the settlement agreement.

28

1        Without an express contractual term setting forth the rights and obligations of the parties,

2   Credit Control could not have breached the implied covenant of good faith and fair dealing. This is so

3   because the implied covenant does <u>not</u> impose its own substantive duties on a party. *Plastino, supra,*

4   873 F.Supp.2d at 1191; *see also Ahmadi v. Untied Continental Holdings, Inc.*, 2014 WL 1281056 at *5

5   (E.D.Cal. 2014) [motion to dismiss granted because plaintiff failed to allege the specific terms of the

6   parties' agreement which her breach of the implied covenant action was based].   Accordingly,

7   Plaintiff's fourth cause of action for breach of the implied covenant, like her third cause of action for

8   breach of contract, should be dismissed as Plaintiff has failed to identify an express and specific term

9   in the contract between the parties which Credit Control purportedly frustrated.

10  **E.**      <u>**Plaintiff's Has Failed To Sufficiently State Her Fifth Cause Of Action Against Credit**</u>

11  <u>**Control For Negligent Infliction Of Emotional Distress As A Matter Of Law.**</u>

12       Plaintiff's fifth cause of action, as alleged against Credit Control, is for negligent infliction of

13  emotional distress. In support of this allegation, Plaintiff alleges that Credit Control owed Plaintiff a

14  duty to exercise due care and to acts as a reasonably prudent collection agency (FAC ¶ 73); that Credit

15  Control's breached its duty to transferring the settled debt to Real Time Resolutions, Inc. (FAC ¶ 75);

16  that Credit Control should have known its breach would cause Plaintiff severe emotional distress (FAC

17  ¶ 74); and, that Plaintiff suffered emotional distress (FAC ¶¶ 76-77). However, these allegations, as a

18  matter of law, are insufficient as Plaintiff has failed to allege (and cannot allege) that Credit Control

19  possessed the type of duty, under California law, which would state a claim for negligence.

20       Negligent infliction of emotional distress is not an independent tort. *Varnado v. Midland*

21  *Funding, LLC*, 43 F.Supp.3d 935, 990 (N.D.Cal. 2014). "Rather, negligent infliction of emotional

22  distress is a form of the tort of negligence, to which the elements of duty, breach of duty, causation,

23  and damages apply." *Ibid*; *Chaconas v. JP Morgan Chase Bank*, 713 F.Supp.2d 1180, 1186 (S.D.Cal.

24  2010). "The existence of a duty of care owed by a defendant is a prerequisite to establishing a claim for

25  negligence." *Ibid*. The existence of a legal duty is a question of law. *Ibid*; *Inzerillo v. Green Tree*

26  *Servicing, LLC*, 2014 WL 1347175 at *5 (N.D.Cal. 2014).

27       Absent actual physical injury, recovering for negligent infliction of emotional distress is only

28  allowed under certain circumstances. *Varnado, supra*, 43 F.Supp.3d at 990 ["In California, although

- 12 -

1    damages for emotional distress may be recovered in the absence of either physical injury or impact, the

2    extent to which defendants may be liable for negligent infliction of emotional distress without physical

3    injury has been limited to public policy considerations."]; *Chaconas, supra*, 713 F.Supp.2d at 1186-

4    1187. In discussing the standard for recovery, absent any physical injury or impact, under a claim for

5    negligent infliction of emotional distress, the *Chaconas* Court observed:

> The Supreme Court of California has allowed recovery for negligent
> infliction of emotional distress for 'serious emotional distress…[caused
> by] a breach of duty owed to the plaintiff that is assumed by the defendant
> or imposed on the defendant as a matter of law, or the arises out of a
> relationship between the two.' Cases where courts have allowed plaintiffs
> to pursue claims include a doctor misdiagnosing a plaintiff's wife with
> syphilis, a hired therapist sexually molesting a plaintiff's son, a school
> board failing to notify a plaintiff that her daughter was sexually molested
> by a fellow student, a crematorium mishandling the remains of plaintiff's
> close relative, and a company's unlawful disposal of toxic waste which
> caused plaintiff to develop a fear of cancer after ingesting contaminated
> water.
>
> Summarizing the duty element, the Supreme Court of California in *Potter*
> explained that 'unless the defendant has assumed a duty to plaintiff in
> which the emotional condition of plaintiff is an object, recovery is only
> available if the emotional distress arises out of the defendant's breach of
> some other legal duty and the emotional distress is proximately caused by
> the breach of the duty.' '<u>Even…[when defendant has breached some other
> legal duty that caused plaintiff's emotional distress], with rare exceptions,
> a breach of the duty must threaten physical injury, not simply damage to
> property or financial interest.</u>'

*Chaconas, supra*, 713 F.Supp.2d at 1186-1187 (citations omitted throughout) (emphasis added).

    In *Varnado, supra*, the plaintiff sued a debt collection agency (as is the case here) for negligent

infliction of emotional distress based on the debt collection agency's purported failure to engage in the

fair and honest collection practices. *Varnado, supra*, 43 F.Supp.3d at 990. In finding that the debt

collection agency did not owe the plaintiff the requisite duty of care and dismissing plaintiff's claim,

this Court held that debt collectors and debtors do not have a special relationship by which a claim for

negligent infliction of emotional distress could be stated absent a threat of physical injury. *Varnado,

supra*, 43 F.Supp.3d at 991.

    Here, Credit Control did not have a special relationship with Plaintiff similar to the

relationships discussed in *Chaconas, supra* nor has Plaintiff alleged they did.  Plaintiff merely alleges

1   that Credit Control owed Plaintiff a duty of care to act as a reasonable prudent collection agency. (FAC

2   ¶ 73.) Presumably, Plaintiff believes that this duty arose by way of the FDCPA and Rosenthal FDCPA.

3   But, any alleged unfair collection practices (or violations of the FDCPA and/or Rosenthal FDCPA), are

4   insufficient to state a claim for negligent infliction of emotional distress absent a serious threat of

5   physical injury to Plaintiff. *See, e.g., Varnado, supra*, 43 F.Supp.3d at 991; *Inzerillo, supra*, 2014 WL

6   1347175 at *6 ["Here, even if, the Court were to find that Defendant had a special relationship with

7   Plaintiffs, Defendant had no legal duty to engage in fair, honest, and respectful practices in the

8   collection of consumer debts."]; *Chaconas, supra*, 713 F.Supp.2d at 1187 ["Chase's alleged breach of

9   the RFDCPA, however, did not threaten serious physical injury to Plaintiffs. (Citations omitted.)

10  Therefore, the Court concludes that the Plaintiff has failed to allege the type of duty that California

11  courts would find sufficient to state a claim for negligent infliction of emotional distress."].

12          Plaintiff makes no allegation in the FAC that Credit Control threatened her with serious

13  physical injury as required absent a "special relationship" between the parties. Plaintiff's entire fifth

14  cause of action is based on Credit Control's alleged failure to act as a reasonably prudent collection

15  agency and allegedly re-assigning a settled debt to another agency for collections. (FAC ¶¶ 73-77.)

16  These allegations are patently insufficient to state a claim for negligent infliction of emotional distress

17  by a debt collection agency as shown in *Varnado, supra*, and *Chaconas, supra*. Accordingly,

18  Plaintiff's fifth cause of action for negligent infliction of emotional distress fails as a matter of law and

19  should be dismissed with prejudice.

20  ////

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

- 14 -

## V.    CONCLUSION

Pursuant to the foregoing, Defendant  Credit Control, LLC respectfully requests that this Court grant its Motion to Dismiss, made pursuant to FRCP, Rule 12(b)(6) with prejudice.  Alternatively, Credit Control requests that this Court grant its Motion to Dismiss as to each and every cause of action pled in Plaintiff Melinda Rudio's First Amended Complaint for the reasons discussed above.

Dated: July 12, 2016

ELLIS LAW GROUP LLP

By   _/s/ Amanda N. Griffith_
    Amanda N. Griffith
    Attorney for Defendant
    REAL TIME RESOLUTIONS, INC., AND CREDIT
    CONTROL, LLC

- 15 -

DEFENDANT CREDIT CONTROL, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT