Mark E. Ellis - 127159
Andrew M. Steinheimer - 200524
Amanda N. Griffith - 288164
ELLIS LAW GROUP LLP
740 University Avenue, Suite 100
Sacramento, CA 95825
Tel: (916) 283-8820
Fax: (916) 283-8821
mellis@ellislawgrp.com
asteinheimer@ellislawgrp.com
agriffith@ellislawgrp.com

Attorneys for Defendants
REAL TIME RESOLUTIONS, INC., AND CREDIT CONTROL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| MELINDA RUDIO,<br><br>    Plaintiff,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC., a Texas Corporation; CREDIT CONTROL, LLC, a Missouri Limited Liability Company; and ROES 1 through 20, inclusive,<br><br>    Defendants. | Case No.: 16-CV-03003-JD<br><br>**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**DATE:** September 7, 2016<br>**TIME:** 10:00 a.m.<br>**DEPT:** Ctrm 11, 19th Floor |

## I. INTRODUCTION

Plaintiff Melissa Rudio's Opposition to Defendant Credit Control, LLC (hereinafter "Credit Control") seeks to paint Credit Control as some unscrupulous debt collection agency that was out-to-get Plaintiff. By demonizing Credit Control, Plaintiff apparently hopes that this Court look past the deficiencies in its pleadings, ignores published California decisions, and side with Plaintiff. But these tactics do Plaintiff no favors.

Plaintiff has already conceded that her fifth cause of action for negligent infliction of emotional distress is meritless. (Opposition, p. 13.) Her other four causes of action alleged against Credit Control should equally fail.

- 1 -

In short, Plaintiff's First Amended Complaint as pled against Credit Control should be dismissed with prejudice.

## II.  LEGAL ARGUMENT

### A.  Plaintiff Fails To State Causes Of Action For Violations Of The FDCPA Or Rosenthal FDCPA.

By way of her opposition, Plaintiff ignores published California decisions and requests, rather, that this Court rely on unpublished, out-of-circuit, non-binding case law such as *Fetters v Paragone Way*, 2010 WL 5174989 (M.D.Penn. 2010.) But *Fetters, supra* does not compel this Court to diverge from in-circuit case law that establishes that once a debt collector has acknowledged that the debt has been paid in full, the FDCPA and Rosenthal FDCPA cease to regulate the debt collector's conduct. No California court (federal or state) has followed the *Fetters* decision and its interpretation of the scope of the FDCPA.

In fact, this District has already determined that the scope of the FDCPA does not encompass satisfied debts. *Narog v Certegy Check Services, Inc.*, 759 F.Supp.2d 1189, 1193 – 1194 (N.D.Cal. 2011) ["A plaintiff cannot allege a claim for violation of the FDCPA based on conduct that occurred after he paid his debt in full, and after the debt collector acknowledged that the debt was paid in full. *See Winter v. I.C. System, Inc.*, 543 F.Supp.2d 1210, 1213 (S.D.Cal. 2008), Under the FDCPA, that conduct is not taken in connection with the collection of a debt."].

In *Winters, supra*, a published California decision, the Southern District observed that the threshold requirement of an FDCPA claim is the existence of a debt:

> Several courts of appeal have explicitly held that a threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a debt. (Citations omitted.) At the *Posso* court said, this threshold requirement is a result of the clear language of the FDCPA which regulates abusive debt collection practices. 15 U.S.C. § 1692e. Further, <u>as Defendants noted at the hearing on the motion, the FDCPA defines 'debt' and 'any obligation of a consumer to pay money…' 15 U.S.C. § 1692a(5). This definition makes clear that the FDCPA does not apply once a consumer is no longer obligated to pay the debt.</u>

*Winters, supra*, 543 F.Supp.2d at 1213 – 1214 (emphasis added).

- 2 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Moreover, the *Fetters* decision by which Plaintiff heavily relies upon is distinguishable from the instant case. In *Fetters*, unlike here, the first debt collection agency never acknowledged that the debt had been satisfied by the plaintiff. *Fetters, supra*, 2010 WL 5174989 at * 1. This is a distinction with a difference. Had the first debt collection agency acknowledged the satisfaction of the debt, the outcome may have been more akin to that in *Winters* and *Narog*.

But, here, as explained in Credit Control's moving papers, Plaintiff alleged that Credit Control acknowledged the satisfaction of the mortgage. (FAC ¶¶ 18- 19.) Accordingly, no "debt" as the term is defined in the FDCPA was owed by Plaintiff to Credit Control. Since Credit Control's actions were not taken in connection with the collection of a debt – the threshold requirement of the FDCPA – Plaintiff cannot state a claim thereunder. On this same basis, Plaintiff cannot state a claim under the Rosenthal FDCPA as well. *Winters, supra*, 543 F.Supp.2d at 1213 – 1214 [FDCPA and Rosenthal FDCPA ceased to regulate conduct once the debt had been satisfied in full and acknowledged].[1]

### B. The "Continuing Violation" Doctrine Does Not Apply To Save Plaintiff's First And Second Causes Of Action.

Plaintiff argues that her FDCPA and Rosenthal FDCPA causes of action are not time-barred because Credit Control continued to misrepresent that her mortgage was still outstanding in January 2016 when it sent Plaintiff a letter alleging stating that the debt was assigned to Defendant Real Time Resolutions. (Opposition, p. 7.) Plaintiff seriously misunderstands the so-called "continuing violation" doctrine.

To assert the continuing violation doctrine, the conduct must constitute a continuing pattern and course of conduct, as opposed to unrelated discrete acts. *Joseph v. J.J. Mac Intyre Companies, LLC*, 281 F.Supp.2d 1156, 1161 (N.D.Cal. 2003). For example, the continuing violation doctrine would apply to multiple telephone calls – some made within the one-year statute of limitations period and the

---

[1] Plaintiff avers that should this Court follow California precedent that a "perverse loophole for unscrupulous debt collectors" would be created. Such an argument is preposterous and inflammatory. The fact that the FDCPA and Rosenthal FDCPA ceased to regulate Credit Control's conduct does not mean Credit Control (or any other debt collection agency) has a "free pass". Rather, it merely means that the FDCPA and Rosenthal FDCPA do not apply; this does not foreclose consumers from seeking other forms of redress should they be able to properly plead them and be entitled thereto. Unfortunately for Plaintiff, she is not does not fall within this category of consumers who may ostensibly have other claims.

- 3 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

others made outside thereof. *Ibid* [200 calls placed within a 19 month period constituted a pattern of related conduct, triggering the continuing violation doctrine]. What, by its plain meaning, is not a continuing pattern and course of conduct to invoke the continuing violation doctrine is a single letter. *See, e.g., Sierra v. Foster & Garbus*, 48 F.Supp.2d 393, 395 (S.D.N.Y. 1999) [concluding that an FDCPA claim arising from four letters the defendant sent in-connection with debt collection efforts was time-barred because four letters do not constitute a continuing violation]; *Nutter v. Messerli & Kramer, P.A.*, 500 F.Supp.2d 1219, 1223 (D.Minn. 2007) [statements based on the status of the debt are new communications concerning an old claim and do not revive an already stale claim]; *Culter ex rel. Jay v. Sallie Mae, Inc.*, 2015 WL 1909482 at 6-7 (C.D.Cal. 2015) [same]. *Culter* is instructive.

In *Culter*, the Central District most recently found that one single event did <u>not</u> trigger the continuing violation doctrine. There, the *Culter* Court found that finishing an internal investigation finding that the plaintiff was bound as a cosigner was not consistent with the principles of the continuing violation doctrine. *Culter, supra*, 2015 WL 1909482 at 7. In doing so, the *Culter* Court observed that "[T]his is not a case where defendants have sent a series of threatening letters, each of which violate the FDCPA and only some of which are time barred. [R]ather, the FDCPA/RFDCPA claim here arises from just a single event…". *Ibid*.

The same is true here. The one-year statute of limitations began to accrue on Plaintiff's FDCPA and Rosenthal FDCPA claims when the debt was satisfied. *Miller v. Bank of America*, 858 F.Supp.2d 1118, 1122-1123 (S.D.Cal. 2012) [statute of limitations for FDCPA claim began to accrue the day plaintiff sold his lot at a short sale and satisfied the obligation]; *Winter, supra*, 543 F.Supp.2d at 1213-1214 [one year statute of limitations for FDCPA and Rosenthal FDCPA began to run on the date the plaintiff satisfied his debt].[2] Again, at the earliest, the statute of limitations began to run on April 28, 2015 or, at the latest, April 29, 2015. (FAC ¶¶ 18 – 19.) Plaintiff did not file her Complaint until over a year later in May 2016.

---

[2] Plaintiff argues that the statute of limitations did not accrue until Plaintiff discovered the alleged violating conduct in January 2016. But this argument is plainly contradicted by cases such as *Miller, Winters, Narog*, etc. where the discovery rule is not applied to debts that have been satisfied. Plaintiff cites <u>no</u> case law which discusses the discovery rule in relation to a debt that has been satisfied.

- 4 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff only alleges one ostensible act which Plaintiff believes should extend the one-year limitations period, i.e. the sending of a letter in January 2016 after the debt had been satisfied and the lien on the property had been released. Like *Sierra* and *Culter*, this <u>one</u> event does <u>not</u> allow Plaintiff to take advantage of the continuing violation doctrine. This is not a case where Credit Control has sent a series of letters, or made a series of phone calls, each which violate the FDCPA and for only which some are time barred. *See Culter, supra*, 2015 WL 1909482 at 7.

Thus, in short, because Plaintiff alleges that the debt was satisfied and such satisfaction was acknowledged by Credit Control, the one-year statute of limitations began to accrue at the time the debt was satisfied, either April 28 or April 29, 2015. *Winter, supra*, 543 F.Supp.2d at 1213-1214. Because the one letter in January 2016 does not constitute a repeated pattern of conduct, the continuing violation doctrine does not save Plaintiff's FDCPA and Rosenthal FDCPA causes of action which were filed <u>after</u> the one-year limitations period expired.

**C.     <u>Plaintiff As Failed To Properly Plead A Cause Of Action for Breach Of Contract.</u>**

Plaintiff has completely ignored California pleading rules related to breach of contract causes of action. As pointed out by Credit Control, in order to properly plead a breach of contract cause of action under California law, a plaintiff <u>must</u> plead the contract by its terms either set out verbatim in the complaint or a copy of the contract <u>must</u> be attached to the complaint and incorporated by reference, or plaintiff <u>must</u> plead the contract's legal effect. *Altman v. PNC Mortgage*, 850 F.Supp.2d 1057, 1058 (E.D.Cal. 2012); *North County Communications Corp. v. Verizon Global Networks, Inc.* 685 F.Supp.2d 1112, 1122 (S.D.Cal. 2010.) Plaintiff admits that she has not attached the contract nor has plaintiff stated the material terms verbatim in the First Amended Complaint. Thus, of Plaintiff's three pleading options, the only option left to save her breach of contract cause of action is to have pleaded the contract's legal effect.

"In order to plead a contract, by its legal effect, [plaintiff] <u>must</u> allege the substance of the relevant terms." *North County Comm., supra*, 685 F.Supp.2d at 1122 (bracketed language and emphasis added). Under the *Iqbal/Twombly* analysis, this clearly means that Plaintiff must state sufficient <u>actual</u> <u>facts</u> which can be accepted as true and analyzed to determine plausibility of the claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 – 681 (2009). Plaintiff <u>cannot</u> merely plead legal

- 5 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

conclusions in the hopes of sufficiently stating a claim as, under the *Iqbal/Twombly* analysis, bare legal conclusions are not taken as true. *Id.* at 678-679. But, that is exactly what Plaintiff has done.

Plaintiff essentially identifies two ostensible breaches of contract in her opposition: (1) Credit Control's purported re-assignment of the satisfied debt; and, (2) that Credit Control breached California Civil Code § 2941 by not removing the lien within 30 to 60 days "depending on the releasing party's relationship to the transaction." (Opposition, p. 10.) Credit Control will address the pleading deficiencies for each breach independently.

First, Plaintiff maintains that she sufficiently plead her breach of contract cause of action because "any rational interpretation of Defendant's obligation to cease collection activity would include [not] passing the account onwards to other collection agent." (Opposition, p. 10.) But, this assertion is solely supported in the FAC by a legal conclusion – *to wit* – Credit Control breached the agreement "by assigning or transferring Plaintiff's fully satisfied obligation to Defendant RTR for purposes of collection." (FAC ¶ 61.) There is <u>no</u> actual factual allegation that settlement agreement required Credit Control to refrain from such activity.

As pointed out in Credit Control's moving papers, the only somewhat related allegation is that Credit Control sent Plaintiff a letter stating that "legal activity" would cease. (FAC ¶ 19.) Plaintiff does not plead that this letter was incorporated into the settlement agreement for which she is now suing upon. Plaintiff does not plead that the letter was the settlement agreement itself. There are absolutely no allegations that the actual settlement agreement for which Plaintiff has staked her breach of contract claim incorporates the letter or discusses the cessation of "legal activity".[3] Accordingly, Plaintiff's only allegation is a legal conclusion (*see* FAC ¶ 61) which cannot be taken as true under the *Iqbal/Twombly* analysis.

Second, Plaintiff's opposition is the <u>first time</u> that Plaintiff alleges that Credit Control violated California Civil Code § 2941 and that, by violating this specific statute, has breached its contract with Plaintiff. Prior to her opposition, this allegation was wholly unknown to Credit Control as the allegations contained in the First Amended Complaint related to the release of the lien were only legal

---

[3] Notably, all collection activity is not "legal activity." *See, e.g., Heintz v. Jenkins*, 541 U.S. 291, 297 – 298 (1995) [litigation is simply one way of collecting a debt].

- 6 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Case 3:16-cv-03003-JD   Document 19   Filed 08/02/16   Page 7 of 10

conclusions - *to wit* - "Defendant breached the parties' agreement by failing to effectuate a timely release of the lien." (FAC ¶ 60.) The FAC never alleges that Credit Control was required to release the lien in 30 or 60 days as Plaintiff now contends. The fact that Plaintiff only brings this allegation to the forefront in her opposition to Credit Control's instant Motion belies her contention that her breach of contract cause of action is adequately pled.

Yet, in order to plead the "legal effect" of the contract (which Plaintiff has apparently chosen to do), she <u>must</u> allege the substance of the relevant terms. *North County Comm., supra*, 685 F.Supp.2d at 1122. If said substance is that the lien should have been released in 30 or 60 days, Plaintiff <u>must</u> plead that fact.

Even *if* Plaintiff was granted leave to amend to allege that Credit Control was required to release the lien in 30 or 60 days pursuant to California Civil Code § 2941, Plaintiff is still unable to plead a breach of contract claim.  Plaintiff argues that Civil Code § 2941 is incorporated into the settlement agreement between the parties by operation of law. (Opposition, p. 10.) This is ridiculous. If every California statute was incorporated into every contract, there would be no need for the contract at all. Or, in the converse, there would be no need for statutorily created private rights of action.

While Plaintiff cites to *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006) to support this proposition, the case actually cuts against Plaintiff. In *Mckell*, the court observed, that in order to plead a contract by its legal effect, as Plaintiff is attempting to do, "…plaintiff must allege the substance of the relevant terms. This is more difficult, for it requires a careful analysis of the instrument, comprehensiveness in the statement, and avoidance of legal conclusions." *McKell, supra*, 142 Cal.App.4th at 1489. As discussed above, Plaintiff has not properly pled the legal effect. Again, the only allegation is a legal conclusion that Credit Control did not timely release the lien. (FAC ¶ 30.) There are no <u>factual allegations</u> pled that Credit Control was required to release the lien by a certain date.

Moreover, *McKell* does not stand for the proposition that Civil Code § 2941 is incorporated into the settlement agreement between the parties. In *Mckell,* the court found that the plaintiff could state a cause of action for breach of contract because the plaintiff alleged the defendant violated the Real Estate Settlement Procedures Act ("RESPA"). The difference between this case and *McKell* is the

- 7 -
_____

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

plaintiff actually alleged in the complaint a violation of RESPA. *McKell, supra*, 142 Cal.App.4th at 1489. Plaintiff has not alleged a violation of Civil Code § 2941 nor has Plaintiff alleged that the particular statute is applicable to Credit Control under the present circumstances.

### D. Plaintiff Has Received The "Benefit-of-the Bargain" And Has Suffered No Compensable Damages To Support A Claim For Breach Of Contract Or Breach Of The Implied Covenant Of Good Faith And Fair Dealing.

Credit Control did not distort Plaintiff's damage claim as Plaintiff suggests. The only factual allegations related to damages in Plaintiff's First Amended Complaint are for emotional damages – "anxiety, embarrassment and frustration". (FAC ¶ 33.) As Credit Control has correctly pointed out in its moving papers, Plaintiff has not alleged any compensable damage. She does not allege that the purported untimely removal of the lien caused her any financial loss. Nor does she allege that due to Credit Control's purported transferring of the account to Real Time Resolutions, Inc., that she paid more for her original settlement. She does not allege that she is entitled to any attorneys' fees, based in contract, for allegedly having to track down Credit Control to have the lien removed.

Plaintiff's opposition does not clarify her damage claim whatsoever. Plaintiff's only attempt at clarification is to say that it "maybe unclear at this stage of the proceedings how to calculate her actual damages." (Opposition, p. 11.) But what are the components of Plaintiff's actual damages? Simply alleging that Plaintiff has been damaged in an amount to be proven at trial is, again, a legal conclusion that cannot be taken as true under the *Iqbal/Twombly* analysis.

Plaintiff must plead some factual allegation related to her damage; simply, stating (in opposition to this Motion to Dismiss) that she lost the benefit of her bargain is not enough. Again, that is a legal conclusion. What has been lost? Plaintiff admits that the lien has been removed from her residence purportedly evidencing that the debt had been settled. (FAC ¶ 24.) Plaintiff does not allege that Credit Control is continues, to this day, to hold her obligated to pay an additional $71,842.88. She does not allege that she paid some additional amount. While Plaintiff may need not to allege the exact amount of damages, she must allege some factual allegation as to resulting damages other than "to be proven at trial". *See, e.g., Wolfstein v. Morgan, Lewis & Bockius LLP*, 2015 WL 6394472 at *8 (C.D.Cal. 2015) [plaintiff must plead appreciable damages caused by a breach of contract].

- 8 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

### E. **Plaintiff Has Not Properly Plead A Claim For Breach Of The Implied Covenant Of Good Faith and Fair Dealing.**

The implied covenant of good faith and fair dealing operates to protect the express covenants or promises in a contract. *Plastino v. Wells Fargo Bank*, 873 F.Supp.2d 1179, 1191 (N.D.Cal. 2012). Absent an express contractual provision, Plaintiff is unable to state a claim for breach of the implied covenant. *Ibid* ["Importantly, to state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff must identify the specific contractual provision that was frustrated."]. As pointed out by Credit Control in its moving papers, and further discussed above, Plaintiff has failed to properly allege a specific contractual provision which was frustrated by Credit Control's alleged actions. Plaintiff's opposition is none-too enlightening on this issue.

However, Plaintiff's opposition is enlightening for another reason; it concedes that Plaintiff's cause of action for breach of the implied covenant of good faith and fair dealing is superfluous. When a claim for breach of the implied covenant of good faith does "not go beyond the statement of a mere contract breach, and relying on the same alleged acts, simply seek[s] the same alleged damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Bionghi v. Metropolitan Water Dist. Of Southern California*, 70 Cal.App.4th 1358, 1370 (1999) This is precisely the case here.

Here, Plaintiff's claim for breach of the implied covenant relies on the same acts and seeks the same damages as her claim for breach of contract. A comparison of the two causes of action as discussed in Plaintiff's opposition shows that both causes of action seek redress for (1) Credit Control's alleged untimely release of the lien; and, (2) Credit Control's purported assignment of the account to Real Time Resolutions, Inc. As Plaintiff has not alleged an implied term, that has not already been pled as part of her contract cause of action (albeit, insufficiently), Plaintiff's fourth cause of action is duplicative as it is based on the same nucleus of operative facts. *See Landucci v. State Farm Insurance Company*, 65 F.Supp.3d 694, 716 (N.D.Cal. 2014) ["In other words, a claim alleging breach of the implied covenant of good faith and fair dealing cannot be based on the same breach as the contract claim, or else it will be dismissed."].

/ / /

- 9 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**F.    Plaintiff Concedes That Her Fifth Cause Of Action For Negligent Infliction Of Emotional Distress Has No Merit.**

Plaintiff does not contest Credit Control's Motion to Dismiss as to her fifth cause of action for negligent infliction of emotional distress. (Opposition, p. 13.) Accordingly, Credit Control's Motion to Dismiss should be granted with prejudice as to Plaintiff's fifth cause of action. *See e.g., Varnado v. Midland Funding LLC*, 43 F.Supp.3d 985, 991 (N.D.Cal. 2014) [plaintiff cannot state a claim for negligent infliction of emotional distress against a debt collection agency].

### III.    CONCLUSION

Pursuant to the foregoing, and as stated in Credit Control's moving papers, Credit Control respectfully requests that this Court grant its Motion to Dismiss with prejudice, pursuant to FRCP, Rule 12(b)(6). Alternatively, Credit Control requests that this Court grant its Motion to Dismiss as to each and every cause of action pled by Plaintiff Melinda Rudio in her First Amended Complaint. Plaintiff has already conceded that her negligent infliction of emotional distress cause of action is non-actionable.

Dated: August 2, 2016                                ELLIS LAW GROUP LLP

By  */s/ Amanda N. Griffith*
    Amanda N. Griffith
    Attorneys for Defendant,
    REAL TIME RESOLUTIONS, INC., AND CREDIT CONTROL, LLC

- 10 -

**REPLY TO PLAINTIFF'S CORRECTED OPPOSITION TO DEFENDANT CREDIT CONTROL, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**