United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA RUDIO,<br><br>    Plaintiff,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>    Defendant. | Case No.16-cv-03003-JD<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. No. 41 |

Defendant Credit Control, LLC ("Credit") moves to dismiss plaintiff Rudio's First Amended Complaint under Federal Rule of Procedure 12(b)(6). Dkt. No. 41. The motion is granted and denied in part.

**BACKGROUND**

As alleged in the complaint, Rudio took out a personal loan that was secured by a lien on her home. She fell behind on the loan payments and defaulted. The lender assigned the account to Credit. Rudio and Credit agreed to settle the debt in full with a lump-sum payment of $3,781.20 by Rudio. Credit received the payment and sent Rudio written confirmation that the account was satisfied and that the lien would be released. The lien was not released for almost eight months. Shortly after that occurred, Credit sent Rudio a letter stating that it had assigned her "mortgage loan" account for further collection to defendant Real Time Resolutions, Inc., ("Real Time"), which subsequently sent her its own letter stating that it would seek to collect a balance of $71,842.88. *See generally* Dkt. No. 13.

Rudio sues under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the California Rosenthal Fair Debt Collections Practice Act ("Rosenthal Act"), Cal. Civ. Code §§ 1788-1788.33. She also alleges claims for breach of contract, and breach of the implied covenant of good faith and fair dealing. Rudio did not oppose dismissal of a negligent infliction of emotional distress claim, Dkt. No. 33, and so the claim is dismissed.

The case was originally filed in California state court on May 5, 2016, and removed to this Court on the basis of a federal question under the FDCPA. Rudio did not challenge the removal.

**LEGAL STANDARDS**

A complaint must provide "a short and plain statement . . . showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "enough facts to state a claim . . . that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if, accepting all factual allegations as true and construing them in the light most favorable to the plaintiff, the Court can reasonably infer that the defendant is liable for the misconduct alleged. *Brickman v. Fitbit, Inc.*, No. 15-CV-02077-JD, 2016 WL 3844327, at *2 (N.D. Cal. July 15, 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court will not treat as fact or accept as true allegations that are bare legal conclusions, recitations of elements or unwarranted deductions. *Id.* (citing *Iqbal*, 556 U.S. at 678 and *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008)). The plausibility analysis is "context-specific" and not only invites but "requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

**I.  THE FDCPA AND ROSENTHAL ACT CLAIMS**

The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Rudio alleges that Credit told her it assigned to Real Time "for further collection" a debt she had already settled and did not owe. Dkt. No. 13 ¶ 25. Consequently, any collection effort on that non-existent debt would necessarily be a deceptive collection practice under the FDCPA.

Credit essentially inverts Rudio's claim to contend that the FDCPA does not apply to settled or expunged debts. The point is not well taken. The FDCPA defines "debt" to include an "alleged obligation of a consumer" to pay money, "whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). An alleged debt is enough to trigger the FDCPA because Congress intended "to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." *Baker v. G. C. Servs. Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *see also Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 361-62 (6th Cir. 2012) ("[A] debt holder or servicer is a debt collector when it engages in collection activities on a debt that is not, as it turns out, actually owed."); *Shula v. Lawent*, 359 F.3d 489, 491

1   (7th Cir. 2004) (same).  To conclude otherwise would violate Congress's intent as stated in the

2   ordinary words of the FDCPA, and lead to the perverse result that lenders, collection agencies and

3   others would be perfectly free to engage in the most reprehensible conduct so long as the claimed

4   debt didn't actually exist or was even fictitious.  The Rosenthal Act claim is derivative of the

5   FDCPA claim and will go forward for the same reasons.  *See Davis v. Hollins*, 832 F.3d 962,

6   966 n.3. (9th Cir. 2016).

7           Credit's argument that Rudio's case is barred by the one-year statute of limitation is also

8   unavailing at this stage of the case.  *See* 15 U.S.C. § 1692k(d); Cal. Civ. Code § 1788.30(f).  The

9   limitations period "begins to run when the plaintiff knows or has reason to know of the injury

10  which is the basis of the action."  *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940-41

11  (9th Cir. 2009) (internal quotation and citation omitted).  Rudio alleges that Credit sent her the

12  first of defendants' misleading communications on January 29, 2016.  Dkt. No. 13 ¶ 25.  She filed

13  her lawsuit on May 5, 2016.  Consequently, on the face of the complaint, her suit was timely.  If

14  facts obtained in discovery suggest otherwise to Credit, it may raise the issue again on summary

15  judgment.  *See In re Capacitors*, 106 F. Supp. 3d 1051, 1065 (N.D. Cal. 2015).

16  **II.   THE CONTRACT CLAIMS**

17          Rudio's contract claims will need to be amended.  The elements of a breach of contract

18  claim under California law are "(1) the existence of the contract, (2) plaintiff's performance or

19  excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff."

20  *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

21          Rudio has not plausibly alleged the damages element.  She does not identify any contract-

22  based loss or injury of any sort, and says only that she suffered "anxiety, embarrassment, and

23  frustration."  Dkt. No. 13 ¶ 33.  That is not enough for a contract claim.  *See Plotnik v. Meihaus*,

24  208 Cal. App. 4th 1590, 1601 (2012) ("Generally, damages for mental suffering and emotional

25  distress are not compensable in contract actions.") (quotation and citation omitted); *Bamberger v.*

26  *Marsh USA, Inc.*, 699 F. App'x 649, 650 (9th Cir. 2017) ("Emotional distress damages are

27  generally unavailable in contract actions.").  The same holds for the breach of the implied

28  covenant claim.

**CONCLUSION**

Rudio may file an amended complaint by **October 23, 2018**. Failure to amend by that date will result in dismissal under Federal Rule of Procedure 41(b). The stay is lifted, and a scheduling order will issue.

**IT IS SO ORDERED.**

Dated: October 1, 2018

JAMES DONATO
United States District Judge