Geoffrey E. Wiggs (SBN 276041)
LAW OFFICES OF GEOFF WIGGS
1900 South Norfolk Street, Suite 350
San Mateo, California 94403-1171
Telephone Number: (650) 577-5952
Facsimile Number: (650) 577-5953
Email Address: geoff@wiggslaw.com

J. Erik Heath, Esq. (SBN 304683)
J. ERIK HEATH, ATTORNEY AT LAW
369 Pine Street, Suite 410
San Francisco, CA 94104
Telephone Number: (415) 426-7850
Facsimile Number: (415) 449-6556
Email Address: erik@heathlegal.com

Attorneys for Plaintiff
**MELINDA RUDIO**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MELINDA RUDIO, an individual,<br><br>　　　　　　　　　　Plaintiff,<br>v.<br>CREDIT CONTROL, LLC,<br>　　　　　　　　　　Defendant. | Case No. 3:16-cv-03003-JD<br><br>**SECOND AMENDED COMPLAINT**<br><br>　**(1)  FDCPA**<br>　**(2)  Rosenthal FDCPA**<br><br>**DEMAND FOR JURY TRIAL** |

　　　　Plaintiff, **MELINDA RUDIO** (hereinafter "**Rudio**"), based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

**INTRODUCTION**

　　　　1.　　　This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act,

California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and her state law claims under 28 U.S.C. § 1367.

3. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(1).

4. Pursuant to Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

## PARTIES

5. Plaintiff, MELINDA RUDIO (hereinafter "Rudio"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

6. Defendant CREDIT CONTROL, LLC ("CREDIT"), is a Missouri corporation engaged in the business of collecting debts in this state with its principal place of business located at: 5757 Phantom Drive Suite 330, Hazelwood, MO 63042. The principal business of CREDIT is the collection of debts using the mails and telephone, and CREDIT regularly attempts to collect debts alleged to be originally due another. CREDIT is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

## FACTUAL ALLEGATIONS

7. On or around December 19, 2006, Plaintiff took out a loan from RMR Financial, LLC d/b/a Princeton Capital (the "Princeton Loan"), in the principal amount of $76,200.00, which secured a lien on her residence.

8. The Princeton Loan was initiated primarily for personal, family, or household purposes.

9. By early 2015, Plaintiff had fallen behind on her payments for the Princeton Loan, and had long been in default.

10. On February 20, 2015, a notice was mailed to Plaintiff that the previous servicer for the Princeton Loan, DTA Solutions, LLC, had assigned the defaulted account to Defendant CREDIT, effective March 7, 2015.

11. On or around April, 2015, Plaintiff hired an attorney with Comfort Law Office to negotiate a settlement with Defendant CREDIT for the outstanding balance of the Princeton Loan.

12. On April 28, 2015, Defendant CREDIT sent Plaintiff a proposed settlement agreement, outlining the terms of the negotiated settlement, and confirming that if Plaintiff paid the lump-sum amount of $3,781.20 by April 30, 2015, the debt would be settled in full.

13. Plaintiff promptly and timely paid the lump-sum settlement amount.

14. On April 29, 2015, Defendant CREDIT sent Plaintiff a letter confirming its receipt of Plaintiff's payment.  The letter further confirmed that the account was satisfied, that the lien on Plaintiff's property would be released, and that legal activity will cease.

15. Despite Plaintiff's fulfillment of the terms of the settlement offer, the mortgage lien on her home was not immediately released.

16. Plaintiff, through her representatives at Comfort Law Office made a number of attempts to follow up on the status of the mortgage lien removal with Defendant CREDIT in the following months, including the following contacts:

   a. April 30, 2015 – A phone call with an employee of Defendant CREDIT named Shawn Matthews (888-365-7144, ext. 138), who promised to mail copies of the lien release once it had been filed with San Mateo County.

   b. June 23, 2015 – Another phone call with Ms. Matthews, who promised to contact the county the following day to check the status of the lien removal, and also to fax a copy of a satisfaction letter to Plaintiff's representative.

   c. June 24, 2015 – A satisfaction letter was faxed to Plaintiff's representative.

   d. June 25, 2015 – A phone call with Ms. Matthews, who indicated that it generally takes 60-90 days for the lien to be removed, and that she would monitor the status of it.

   e. July 14, 2015 – A phone call to Ms. Matthews, who was not in the office

f. July 16, 2015 – A phone call with Ms. Matthews, who indicated that the lien should be released that week, and that Ms. Matthews would contact Plaintiff's representative when the transaction was completed.

g. July 29, 2015 at 11:00 A.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

h. August 5, 2015 at 3:30 P.M. – An unanswered telephone call to Ms. Matthews

i. August 10, 2015 at 3:45 P.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

j. August 11, 2015 at 10:45 A.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

k. August 12, 2015 at 1:45 P.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

17. On September 25, 2015, Plaintiff retained the undersigned counsel, who sent a letter to Defendant CREDIT, demanding that the lien be released in accordance with the parties' settlement agreement.

18. On November 13, 2015, Defendant CREDIT responded to Plaintiff's demand letter, stating, "[w]e appreciate you bringing this to our attention and we are currently working with our vendor that handles lien releases to get this expedited as quickly as possible."

19. On December 15, 2015, the lien securing Plaintiff's property for the Princeton Loan was released, and a full reconveyence was filed by RMR Financial, LLC.

20. After it appeared that the matter had finally been resolved entirely, on January 29, 2016, Defendant CREDIT sent Plaintiff a letter, indicating that it had assigned Plaintiff's mortgage loan to Real Time Resolutions, Inc. ("RTR")[1] for further collection, effective February 15, 2016.

21. On March 16, 2016, despite the full satisfaction of the Princeton Loan, RTR sent Plaintiff a letter.

---

[1] RTR was originally named as a defendant in this action, but was dismissed voluntarily on June 16, 2017. (Dkt. 47.)

22. The RTR letter stated that Defendant CREDIT had transferred the right to collect payments on the fully satisfied loan to RTR, asserted that RTR now had the right to collect on the Princeton Loan, and sought to collect a balance of $71,842.88 on the loan.

23. The March 16, 2016 letter from RTR indicated the original creditor as Aurora Commercial Corp.

24. Plaintiff has no knowledge of the original creditor Aurora Commercial Corp. asserted by RTR.

25. The following month, RTR began sending monthly mortgage account statements to Plaintiff, continuing to try to collect the settled debt, even though it has never had an enforceable mortgage interest.

26. Upon information and belief, Defendant CREDIT communicated Plaintiff's account and credit information to RTR, or to another entity who then communicated the information to RTR.

27. As a result of Defendant CREDIT selling, transferring, or assigning the account to a subsequent collection agency, and RTR's attempts to collect this debt that Plaintiff worked hard to settle, Plaintiff has suffered anxiety, embarrassment, and frustration.

28. These damages continue to this day, as Plaintiff continues to be the target of collection attempts on this settled debt.

**FIRST CAUSE OF ACTION**
Fair Debt Collection Practices Act

29. Plaintiff brings the first cause of action against Defendant under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

30. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

31. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

32. Defendant CREDIT is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

33. The financial obligation alleged to be owed to Defendant CREDIT, and later alleged to be owed to RTR, is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

34. Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

    a. Defendant has used false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

    b. Defendant has falsely represented the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2);

    c. Defendant has falsely represented or implied that the transfer of the account from Defendant CREDIT to RTR has left Plaintiff liable on the debt, in violation of 15 U.S.C. § 1692e(6);

    d. Defendant CREDIT has communicated to RTR or another third-party credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

    e. Defendant has used false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

    f. Defendant has used unfair or unconscionable means to collect or attempt to collect a debt, in violation of in violation of 15 U.S.C. § 1692f; and

    g. Defendant has attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

35. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

36. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to award of actual damages, statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C. § 1692k.

## SECOND CAUSE OF ACTION
### Rosenthal Fair Debt Collections Practice Act

37. Plaintiff brings the second cause of action against Defendant under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788-1788.33.

38. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

39. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

40. Defendant CREDIT is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

41. The financial obligation alleged to be owed Defendant is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

42. Defendant has violated the RFDCPA. The violations include, but are not limited to, the following:

   a. Defendant has used false, deceptive, or misleading representations in connection with the collection of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e);

   b. Defendant has falsely represented the character, amount, or legal status of a debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(2));

   c. Defendant has falsely represented or implied that the transfer of the account from Defendant CREDIT to RTR has left Plaintiff liable on the debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(6));

   d. Defendant CREDIT has communicated to RTR credit information which is known or which should be known to be false, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(8));

   e. Defendant has used false representations or deceptive means to collect or attempt to collect any debt, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(10));

   f. Defendant has used unfair or unconscionable means to collect or attempt to collect a debt, in violation of in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692f); and

    g. Defendant has attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692f(1)).

43. Defendant's acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

44. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

45. As a result of Defendant's willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

46. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692k(a)(2)(A)).

47. As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.

**WHEREFORE,** Rudio prays for judgment against Defendant, as follows:

1. That the Court assume jurisdiction in this proceeding;
2. Declare that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e(2), (8), (10), & 1692f(1);
3. Declare that Defendant violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788.17, which fully incorporates 15 U.S.C. §§ 1692e(2), (8), (10), & 1692f(1);
4. Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.17;
5. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(a);
6. Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

7. Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code § 1788.17 (incorporating 15 U.S.C. § 1692k(a)(2)(a));

8. Award Plaintiff the costs of this action and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17, 1788.30(c); and

9. Award Plaintiff such other and further relief as may be just and proper.

oo0oo

Dated: October 23, 2018

LAW OFFICES OF GEOFF WIGGS
J. ERIK HEATH, ATTORNEY AT LAW

By: _____
Geoffrey E. Wiggs, Esq.
Attorney for Plaintiff
MELINDA RUDIO

DEMAND FOR JURY TRIAL

Plaintiff Melinda Rudio hereby demands a trial by jury on all her claims.

Dated: October 23, 2018

LAW OFFICES OF GEOFF WIGGS

J. ERIK HEATH, ATTORNEY AT LAW

By: _____
Geoffrey E. Wiggs, Esq.
Attorney for Plaintiff
MELINDA RUDIO