**MAURICE WUTSCHER LLP**
Eric Tsai (SBN 273056)
71 Stevenson, Suite 400
San Francisco, California 94105
Tel. (415) 529-7654
Facsimile: (866) 581-9302
E-mail: etsai@mauricewutscher.com

Patrick J. Kane (SBN 273103)
501 W. Broadway, Suite 800
San Diego, California 92101
Tel. (888) 339-5282
Facsimile: (866) 581-9302
E-mail: pkane@mauricewutscher.com

*Attorneys for Defendant Credit Control, LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA RUDIO, | Case No.: 3:16-cv-03003-JD |
| Plaintiff, | **CREDIT CONTROL, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| v. | |
| CREDIT CONTROL, LLC, | SAC Filed:  October 23, 2018 |
| Defendant. | Trial Date:  TBD |

Defendant, Credit Control, LLC ("Credit Control" or "Defendant"), by and through undersigned counsel, submits the following Answer and Affirmative Defenses to Plaintiff Melinda Rudio's ("Rudio" or "Plaintiff") Second Amended Complaint ("SAC") (D.E. 56). In support thereof, Credit Control avers as follows:

## INTRODUCTION

1.     This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

**ANSWER:**     Credit Control admits Plaintiff filed the SAC seeking redress for alleged violation

of the Fair Debt Collection Practices Act and the Rosenthal Fair Debt Collection Practices Act, but denies any wrongdoing or violations of any law. Credit Control denies each and every allegation in this Paragraph not specifically admitted herein.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and her state law claims under 28 U.S.C. § 1367.

**ANSWER:**     The allegations in Paragraph 2 constitute a conclusion of law to which no response is required.

3.      Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claims occurred within the district. *See* 28 U.S.C. § 1391(b)(1).

**ANSWER:**     The allegations in Paragraph 3 constitute a conclusion of law to which no response is required.

4.      Pursuant to Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Mateo County.

**ANSWER:**     The allegations in Paragraph 4 constitute a conclusion of law to which no response is required.

## PARTIES

5.      Plaintiff, MELINDA RUDIO (hereinafter "Rudio"), is a natural person residing in San Mateo County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

**ANSWER:**     Credit Control only admits upon information and belief Plaintiff Melinda Rudio is a natural person residing in San Mateo County, California. The remainder of Paragraph 5 contains conclusions of law to which no response is required.  Credit Control refers all questions of law to the Court. Credit Control denies each and every allegation not specifically admitted herein.

6.      Defendant CREDIT CONTROL, LLC ("CREDIT"), is a Missouri corporation engaged in the business of collecting debts in this state with its principal place of business located

1  at: 5757 Phantom Drive Suite 330, Hazelwood, MO 63042. The principal business of CREDIT

2  is the collection of debts using the mails and telephone, and CREDIT regularly attempts to collect

3  debts alleged to be originally due another. CREDIT is a "debt collector" within the meaning of

4  15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

5  **ANSWER:**   Credit Control only admits it is a Missouri limited liability company with

6  headquarters located at 5757 Phantom Drive, Suite 330, Hazelwood, MO 63042 and is engaged

7  in the business of attempting to collect valid and owing debts owed to another in the State of

8  California using the mails and telephone. The remainder of Paragraph 6 contains conclusions of

9  law to which no response is required.  Credit Control refers all questions of law to the Court.

10  Credit Control denies each and every allegation not specifically admitted herein.

## FACTUAL ALLEGATIONS

11  7.      On or around December 19, 2006, Plaintiff took out a loan from RMR Financial,

12  LLC d/b/a Princeton Capital (the "Princeton Loan"), in the principal amount of $76,200.00,

13  which secured a lien on her residence.

14  **ANSWER:**   Admitted.

15  8.      The Princeton Loan was initiated primarily for personal, family, or household

16  purposes.

17  **ANSWER:**   Credit Control lacks knowledge or information sufficient to form a belief as to

18  the truth of the allegations contained in Paragraph 8.

19  9.      By early 2015, Plaintiff had fallen behind on her payments for the Princeton Loan,

20  and had long been in default.

21  **ANSWER:**   Credit Control is unable to discern what is meant by "default," but attempting to

22  respond, Credit Control admits only that Plaintiff had fallen behind on her obligations under the

23  loan, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of

24  the allegations contained in Paragraph 9.

25  10.      On February 20, 2015, a notice was mailed to Plaintiff that the previous servicer

26  for the Princeton Loan, DTA Solutions, LLC, had assigned the defaulted account to Defendant

27  CREDIT, effective March 7, 2015.

1   **ANSWER:**   The letter speaks for itself, thus no response is required.

2   11.   On or around April, 2015, Plaintiff hired an attorney with Comfort Law Office to

3   negotiate a settlement with Defendant CREDIT for the outstanding balance of the Princeton

4   Loan.

5   **ANSWER:**   Credit Control only admits, upon information and belief, Plaintiff retained an

6   attorney with Comfort Law Office. Credit Control lacks knowledge or information sufficient to

7   form a belief as to the truth of the remaining allegations contained in Paragraph 11.  Credit

8   Control demands strict proof thereof from Plaintiff.

9   12.   On April 28, 2015, Defendant CREDIT sent Plaintiff a proposed settlement

10   agreement, outlining the terms of the negotiated settlement, and confirming that if Plaintiff paid

11   the lump-sum amount of $3,781.20 by April 30, 2015, the debt would be settled in full.

12   **ANSWER:**   The letter speaks for itself, thus no response is required.

13   13.   Plaintiff promptly and timely paid the lump-sum settlement amount.

14   **ANSWER:**  Credit Control is unable to discern what is meant by "promptly and timely," but

15   attempting to respond, Credit Control admits only that Plaintiff paid the lump-sum settlement

16   amount, but otherwise lacks knowledge or information sufficient to form a belief as to the truth

17   of the allegations contained in Paragraph 13.

18   14.   On April 29, 2015, Defendant CREDIT sent Plaintiff a letter confirming its

19   receipt of Plaintiff's payment. The letter further confirmed that the account was satisfied, that

20   the lien on Plaintiff's property would be released, and that legal activity will cease.

21   **ANSWER:**   The letter speaks for itself, thus no response is required.

22   15.   Despite Plaintiff's fulfillment of the terms of the settlement offer, the mortgage

23   lien on her home was not immediately released.

24   **ANSWER:**   Credit Control is unable to discern what is meant by "the terms of the settlement

25   offer" and "immediately released," but attempting to respond, Credit Control denies the

26   conclusory nature of the allegations in Paragraph 15.

27   16.   Plaintiff, through her representatives at Comfort Law Office made a number of

28   attempts to follow up on the status of the mortgage lien removal with Defendant CREDIT in the

following months, including the following contacts:

    a.    April 30, 2015 – A phone call with an employee of Defendant CREDIT named Shawn Matthews (888-365-7144, ext. 138), who promised to mail copies of the lien release once it had been filed with San Mateo County.

    b.    June 23, 2015 – Another phone call with Ms. Matthews, who promised to contact the county the following day to check the status of the lien removal, and also to fax a copy of a satisfaction letter to Plaintiff's representative.

    c.    June 24, 2015 – A satisfaction letter was faxed to Plaintiff's representative.

    d.    June 25, 2015 – A phone call with Ms. Matthews, who indicated that it generally takes 60-90 days for the lien to be removed, and that she would monitor the status of it.

    e.    July 14, 2015 – A phone call to Ms. Matthews, who was not in the office

    f.    July 16, 2015 – A phone call with Ms. Matthews, who indicated that the lien should be released that week, and that Ms. Matthews would contact Plaintiff's representative when the transaction was completed.

    g.    July 29, 2015 at 11:00 A.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

    h.    August 5, 2015 at 3:30 P.M. – An unanswered telephone call to Ms. Matthews

    i.    August 10, 2015 at 3:45 P.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

    j.    August 11, 2015 at 10:45 A.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

    k.    August 12, 2015 at 1:45 P.M. – A voicemail left with Ms. Matthews to follow up on the status of the lien

**ANSWER:**    The recordings of the phone calls or voicemails, as well as any letters, speak for themselves, thus no response is required.

    17.    On September 25, 2015, Plaintiff retained the undersigned counsel, who sent a letter to Defendant CREDIT, demanding that the lien be released in accordance with the parties'

1 settlement agreement.

2 **ANSWER:**    The letter speaks for itself, thus no response is required. To the extent that a

3 response is deemed necessary, Credit Control lacks knowledge or information sufficient to form

4 a belief as to the truth of the remaining allegations contained in Paragraph 17.  Credit Control

5 demands strict proof thereof from Plaintiff.

6        18.    On November 13, 2015, Defendant CREDIT responded to Plaintiff's demand

7 letter, stating, "[w]e appreciate you bringing this to our attention and we are currently working

8 with our vendor that handles lien releases to get this expedited as quickly as possible."

9 **ANSWER:**    Credit Control's response letter speaks for itself, thus no response is required.

10        19.    On December 15, 2015, the lien securing Plaintiff's property for the Princeton

11 Loan was released, and a full reconveyance was filed by RMR Financial, LLC.

12 **ANSWER:**    Credit Control admits the allegations contained in Paragraph 19 only to the extent

13 that they are consistent with the Official Records of San Mateo County, but otherwise lacks

14 knowledge or information sufficient to form a belief as to the truth of the allegations contained

15 in Paragraph 19.

16        20.    After it appeared that the matter had finally been resolved entirely, on January

17 29, 2016, Defendant CREDIT sent Plaintiff a letter, indicating that it had assigned Plaintiff's

18 mortgage loan to Real Time Resolutions, Inc. ("RTR") for further collection, effective February

19 15, 2016.

20 **ANSWER:**    The letter speaks for itself, thus no response if required.

21        21.    On March 16, 2016, despite the full satisfaction of the Princeton Loan, RTR sent

22 Plaintiff a letter.

23 **ANSWER:**    Credit Control lacks knowledge or information sufficient to form a belief as to

24 the truth of the allegations contained in Paragraph 21.  Credit Control demands strict proof

25 thereof from Plaintiff.

26        22.    The RTR letter stated that Defendant CREDIT had transferred the right to collect

27 payments on the fully satisfied loan to RTR, asserted that RTR now had the right to collect on

28 the Princeton Loan, and sought to collect a balance of $71,842.88 on the loan.

1  **ANSWER:**   Credit Control lacks knowledge or information sufficient to form a belief as to
2  the truth of the allegations contained in Paragraph 22.  Credit Control demands strict proof
3  thereof from Plaintiff.

4       23.     The March 16, 2016 letter from RTR indicated the original creditor as Aurora
5  Commercial Corp.

6  **ANSWER:**   Credit Control lacks knowledge or information sufficient to form a belief as to
7  the truth of the allegations contained in Paragraph 23.  Credit Control demands strict proof
8  thereof from Plaintiff.

9       24.     Plaintiff has no knowledge of the original creditor Aurora Commercial Corp.
10  asserted by RTR.

11  **ANSWER:**   Credit Control lacks knowledge or information sufficient to form a belief as to
12  the truth of the allegations contained in Paragraph 24.  Credit Control demands strict proof
13  thereof from Plaintiff.

14       25.     The following month, RTR began sending monthly mortgage account statements
15  to Plaintiff, continuing to try to collect the settled debt, even though it has never had an
16  enforceable mortgage interest.

17  **ANSWER:**   Credit Control lacks knowledge or information sufficient to form a belief as to
18  the truth of the allegations contained in Paragraph 25.  Credit Control demands strict proof
19  thereof from Plaintiff.

20       26.     Upon information and belief, Defendant CREDIT communicated Plaintiff's
21  account and credit information to RTR, or to another entity who then communicated the
22  information to RTR.

23  **ANSWER:**   Credit Control admits only that it unintentionally service transferred Plaintiff's
24  account to RTR, but otherwise denies each and every allegation in Paragraph 26 not specifically
25  admitted herein.

26       27.     As a result of Defendant CREDIT selling, transferring, or assigning the account
27  to a subsequent collection agency, and RTR's attempts to collect this debt that Plaintiff worked
28  hard to settle, Plaintiff has suffered anxiety, embarrassment, and frustration.

1   **ANSWER:**   Credit Control admits only that it unintentionally service transferred Plaintiff's

2   account to RTR, but otherwise denies the allegations contained in Paragraph 27.  Credit Control

3   demands strict proof thereof from Plaintiff.

4   28.   These damages continue to this day, as Plaintiff continues to be the target of

5   collection attempts on this settled debt.

6   **ANSWER:**   Denied.

7   ## FIRST CAUSE OF ACTION

8   ### Fair Debt Collection Practices Act

9   29.   Plaintiff brings the first cause of action against Defendant under the federal Fair

10   Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

11   **ANSWER:**   Credit Control admits Plaintiff filed the SAC seeking redress for alleged violation

12   of the Fair Debt Collection Practices Act, but denies any wrongdoing or violations of any law.

13   Credit Control denies each and every allegation in this Paragraph not specifically admitted

14   herein.

15   30.   Plaintiff repeats, realleges, and incorporates by reference all preceding

16   paragraphs as though fully set forth herein.

17   **ANSWER:**   No response is required to this Paragraph, as Plaintiff is merely incorporating the

18   allegations in prior paragraphs by reference. To the extent that a response is deemed necessary,

19   Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth

20   herein at length.

21   31.   Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

22   1692a(3).

23   **ANSWER:**   The allegations in Paragraph 31 constitute a conclusion of law to which no

24   response is required.

25   32.   Defendant CREDIT is a "debt collector" as that term is defined by the FDCPA,

26   15 U.S.C. § 1692a(6).

27   **ANSWER:**   The allegations in Paragraph 32 constitute a conclusion of law to which no

28   response is required.

33.     The financial obligation alleged to be owed to Defendant CREDIT, and later alleged to be owed to RTR, is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

**ANSWER:**     The allegations in Paragraph 33 constitute a conclusion of law to which no response is required.

34.     Defendant has violated the FDCPA. The violations include, but are not limited to, the following:

a.     Defendant has used false, deceptive, or misleading representations in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e;

b.     Defendant has falsely represented the character, amount, or legal status of a debt, in violation of 15 U.S.C. § 1692e(2);

c.     Defendant has falsely represented or implied that the transfer of the account from Defendant CREDIT to RTR has left Plaintiff liable on the debt, in violation of 15 U.S.C. § 1692e(6);

d.     Defendant CREDIT has communicated to RTR or another third-party credit information which is known or which should be known to be false, in violation of 15 U.S.C. § 1692e(8);

e.     Defendant has used false representations or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

f.     Defendant has used unfair or unconscionable means to collect or attempt to collect a debt, in violation of in violation of 15 U.S.C. § 1692f; and

g.     Defendant has attempted to collect an amount that is not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. § 1692f(1).

**ANSWER:**     Credit Control denies the allegations in Paragraph 34, including subparts a-g. Furthermore, the allegations in Paragraph 42.a-g. constitute conclusions of law to which no response is required.

35.     Defendant's acts as described above were done intentionally with the purpose of

1  coercing Plaintiff to pay the alleged debt.

2  **ANSWER:**   Denied.

3  36.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to award

4  of actual damages, statutory damages, costs and reasonable attorney fees, pursuant to 15 U.S.C.

5  § 1692k.

6  **ANSWER:**   Denied.

7  WHEREFORE, Credit Control denies any and all liability in this matter, requests that

8  judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed,

9  and requests that this Court grant such further relief as it deems just and appropriate.

10  ### SECOND CAUSE OF ACTION

11  ### Rosenthal Fair Debt Collections Practice Act

12  37.   Plaintiff brings the second cause of action against Defendant under the Rosenthal

13  Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civil Code §§ 1788-1788.33.

14  **ANSWER:**   Credit Control admits Plaintiff filed the SAC seeking redress for alleged violation

15  of the Rosenthal Fair Debt Collection Practices Act, but denies any wrongdoing or violations of

16  any law. Credit Control denies each and every allegation in this Paragraph not specifically

17  admitted herein.

18  38.   Plaintiff repeats, realleges, and incorporates by reference all preceding

19  paragraphs as though fully set forth herein.

20  **ANSWER:**   No response is required to this Paragraph, as Plaintiff is merely incorporating the

21  allegations in prior paragraphs by reference. To the extent that a response is deemed necessary,

22  Credit Control incorporates its responses to the foregoing paragraphs as though fully set forth

23  herein at length.

24  39.   Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code §

25  1788.2(h).

26  **ANSWER:**   The allegations in Paragraph 39 constitute a conclusion of law to which no

27  response is required.

28  40.   Defendant CREDIT is a "debt collector" as that term is defined by the RFDCPA,

1  Cal. Civil Code § 1788.2(c).

2  **ANSWER:**    The allegations in Paragraph 40 constitute a conclusion of law to which no

3  response is required.

4      41.    The financial obligation alleged to be owed Defendant is a "consumer debt" as

5  that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

6  **ANSWER:**    The allegations in Paragraph 41 constitute a conclusion of law to which no

7  response is required.

8      42.    Defendant has violated the RFDCPA. The violations include, but are not limited

9  to, the following:

10      a.    Defendant has used false, deceptive, or misleading representations in connection

11          with the collection of a debt, in violation of Cal. Civil Code § 1788.17

12          (referencing 15 U.S.C. § 1692e);

13      b.    Defendant has falsely represented the character, amount, or legal status of a debt,

14          in violation of Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(2));

15      c.    Defendant has falsely represented or implied that the transfer of the account from

16          Defendant CREDIT to RTR has left Plaintiff liable on the debt, in violation of

17          Cal. Civil Code § 1788.17 (referencing 15 U.S.C. § 1692e(6));

18      d.    Defendant CREDIT has communicated to RTR credit information which is

19          known or which should be known to be false, in violation of Cal. Civil Code §

20          1788.17 (referencing 15 U.S.C. § 1692e(8));

21      e.    Defendant has used false representations or deceptive means to collect or attempt

22          to collect any debt, in violation of Cal. Civil Code § 1788.17 (referencing 15

23          U.S.C. § 1692e(10));

24      f.    Defendant has used unfair or unconscionable means to collect or attempt to

25          collect a debt, in violation of in violation of Cal. Civil Code § 1788.17

26          (referencing 15 U.S.C. § 1692f); and

27      g.    Defendant has attempted to collect an amount that is not expressly authorized by

28          the agreement creating the debt or permitted by law, in violation of Cal. Civil

1   Code § 1788.17 (referencing 15 U.S.C. § 1692f(1)).

2   **ANSWER:**   Credit Control denies the allegations in Paragraph 42, including subparts a-g.

3   Furthermore, the allegations in Paragraph 42.a-g. constitute conclusions of law to which no

4   response is required.

5         43.      Defendant's acts as described above were done willfully and knowingly with the

6   purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

7   1788.30(b).

8   **ANSWER:**   Denied.

9         44.      As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

10  award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code §

11  1788.30(a).

12  **ANSWER:**   Denied.

13        45.      As a result of Defendant's willful and knowing violations of the RFDCPA,

14  Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred

15  dollars ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code §

16  1788.30(b).

17  **ANSWER:**   Denied.

18        46.      As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

19  award of statutory damages in an amount not exceeding $1,000, pursuant to Cal. Civil Code §

20  1788.17 (referencing 15 U.S.C. § 1692k(a)(2)(A)).

21  **ANSWER:**   Denied.

22        47.      As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to an

23  award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and

24  1788.17.

25  **ANSWER:**   Denied.

26        WHEREFORE, Credit Control denies any and all liability in this matter, requests that

27  judgment be entered in its favor and against Plaintiff, with attorneys' fees and costs assessed,

28  and requests that this Court grant such further relief as it deems just and appropriate.

1

## **AFFIRMATIVE DEFENSES**

2   For its Affirmative Defenses, Credit Control states as follows:

3   **First Affirmative Defense**

4   Plaintiff fails to state a claim for which the relief requested can be granted, and Credit

5   Control reserves and does not waive their arguments relating to the legal sufficiency of Plaintiff's

6   allegations.

7   **Second Affirmative Defense**

8   To the extent that Plaintiff suffered any alleged damages, the existence of which are

9   expressly denied, the alleged damages are barred and/or limited in whole or in part by the

10   Plaintiff's own failure to mitigate the alleged damages, and/or the alleged damages were caused

11   in whole or in part by her own acts or omissions.

12   **Third Affirmative Defense**

13   To the extent that Plaintiff suffered any alleged damages, the existence of which are

14   expressly denied, the alleged damages were caused in whole or in party by individuals and/or

15   entities over whom Credit Control had no control, right of control, or responsibility.

16   **Fourth Affirmative Defense**

17   This action is barred, in whole or in part, by the doctrine of unclean hands.

18   **Fifth Affirmative Defense**

19   This action is barred, in whole or in part, by the doctrine of estoppel.

20   **Sixth Affirmative Defense**

21   This action is barred, in whole or in part, by the doctrine of waiver.

22   **Seventh Affirmative Defense**

23   This action is barred, in whole or in part, by the doctrine of ratification.

24   **Eighth Affirmative Defense**

25   This action is barred, in whole or in part, by the applicable statute of limitations.

26   **Ninth Affirmative Defense**

27   Plaintiff's claims under the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692,

28   *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code § 1788,

*et seq.* ("RFDCPA") are barred because any alleged violation of the FDCPA and RFDCPA by Credit Control would have been unintentional, resulting from a bona fide error made in good faith, and occurring despite Credit Control's processes and procedures that were reasonably designed and actually implemented to avoid any such alleged error.

Accordingly, even if a violation of the FDCPA and RFDCPA occurred here, which Credit Control denies, Credit Control would not be liable under the FDCPA and RFDCPA pursuant to 15 U.S.C. § 1692k(c) and Cal. Civil Code § 1788.30(e).

### Tenth Affirmative Defense

Plaintiff's recovery is barred or limited by the benefits they obtained from defendant Real Time Resolutions, Inc.

### Eleventh Affirmative Defense

The above affirmative defenses are based on the facts currently known to Credit Control, and Credit Control reserves the right to amend or add affirmative defenses based on facts that may later be discovered, pled, or offered.

WHEREFORE, Defendant Credit Control prays for judgment as follows:

1. That Plaintiff recovers nothing against Credit Control under the SAC;

2. That Credit Control recover from Plaintiff its attorneys' fees and costs; and

3. For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Dated:  December 6, 2018          **MAURICE WUTSCHER LLP**


/s/ Eric Tsai
Eric Tsai (SBN 273056)
Attorneys for Defendant
*Credit Control, LLC*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Certificate of Service**

I, Eric Tsai, certify that on the 6th day of December 2018 and pursuant to Fed. R. Civ. P. 5, I served a true and correct copy of the foregoing document and related exhibits on all interested parties via CM/ECF.

*/s/ Eric Tsai*
Eric Tsai